IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 15-21529 |
| | Chapter 13 |
| KEJOYCE J. BROWN, | |
| Debtor. | |
| BEDFORD HILL COMMUNITY a/k/a BEDFORD HILL APARTMENTS, | Related to Dkt. No. 32 |
| Movant, | |
| v. | |
| KEJOYCE J. BROWN and RONDA J. WINNECOUR, CHAPTER 13 TRUSTEE, | |
| Respondents. | |

## **MEMORANDUM OPINION**

KeJoyce Brown failed to pay the rent due under her residential real property lease and her landlord, Bedford Hill Community, obtained a judgment for possession of the premises from a Pennsylvania magisterial district judge. Before Bedford Hill could obtain possession of the real property, Brown appealed the decision and commenced this bankruptcy case. Although section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") imposes an automatic stay that prevents the continuation of most collection actions, it does not unconditionally shield a debtor from eviction when the landlord obtained a judgment for possession prior to the bankruptcy.[1]

---

[1] *See* 11 U.S.C. § 362(b)(22).

In a prior case, the Court ruled that a magisterial district court decision which remains under appeal does not constitute a final judgment for possession for which the section 362(b)(22) exception applies.[2] This case presents the question of whether Brown's failure to maintain a stay of execution (identified as a supersedeas) during the pendency of her appeal alters the nature of the magistrate's decision and accords it the requisite "finality" necessary to allow Bedford Hill to proceed with an eviction without a Court order. Because the validity of Brown's appeal is unaffected by the loss of the supersedeas, the Court follows the rationale of *Alberts* and concludes that at the time the bankruptcy was commenced, Bedford Hill had not yet obtained a final judgment for possession.

## I.

Brown resides in a subsidized housing unit that she leases from Bedford Hill. Although the total amount due to Bedford Hill under the lease is $231 per month, the portion of rent for which Brown is personally obligated to pay varies with her income. As of August 1, 2014, Brown was responsible for paying $70 per month to Bedford Hill. On March 1, 2015, her rent obligation was adjusted to $45 per month.

After Brown failed to pay her December 2014 rent, Bedford Hill instituted an action for possession and rent in the Pennsylvania magisterial district courts. On January 5, 2015, the magisterial district judge entered judgment in favor of Bedford Hill and granted possession "if [the] money judgment is not satisfied by the time of eviction."[3] Brown timely appealed the decision to the Court of Common Pleas for Allegheny County, Pennsylvania.

---

[2]  See *Housing Authority of Beaver County v. Sheri M. Alberts (In re Alberts)*, 381 B.R. 171 (Bankr. W.D. Pa. 2008).

[3]  *January 5, 2015 Judgment of the Magisterial District Judge* [Dkt. No. 32-3].

2

To prevent her eviction while the appeal was pending, Brown obtained a supersedeas which would effectively stay the judgment for so long as she deposited rental payments with the Allegheny County Department of Court Records. After making an initial, partial rental payment of $24 on January 15, 2015, Brown did not tender any further deposits. When Brown failed to remit the payments necessary to maintain the supersedeas, Bedford Hill filed a praecipe to terminate it on April 14, 2015.[4] The next day, Bedford Hill obtained an order for possession of the leased property and an eviction was scheduled for May 1, 2015.

Brown commenced this bankruptcy case on April 30, 2015 in an effort to obtain the benefit of the automatic stay imposed under section 362 of the Bankruptcy Code. She did not deposit any rent with the Clerk or make any certifications under section 362(l) of the Bankruptcy Code. Through its current motion,[5] Bedford Hill seeks authority to continue its eviction proceeding in state court. Bedford Hill contends that the automatic stay does not enjoin the eviction because Brown failed to provide the requisite certifications and cure payments necessary to preserve the stay under 11 U.S.C. § 362(b)(22) and (l). Bedford Hill additionally seeks relief from the automatic stay for cause so that it may remove Brown's personal property from the premises during the eviction. In opposition to the motion, Brown relies upon this Court's decision from *In re Alberts* for the proposition that a judgement from the magisterial district court which is under appeal does not qualify as a "judgment for possession" for the purposes of invoking section 362(b)(22) because it is not yet a "final" order.

---

[4] A supersedeas is terminated upon the filing of the praecipe. See Pa.R.C.P.M.D.J. 1008(B).

[5] *See Motion for Authority to Proceed with Eviction and for Relief from the Automatic Stay* [Dkt. No. 32].

## II.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). This *Memorandum Opinion* constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. Upon consideration of the motion, the supplemental pleadings filed by the parties, and the statements made by the parties at the hearings, the matter is ripe for adjudication.

### A.

The automatic stay provision of the Bankruptcy Code acts as a temporary injunction that prevents creditors from engaging in collection efforts while a bankruptcy case is pending.[6] When the automatic stay is in place, a creditor may not, among other things, attempt to obtain possession of either the debtor's property or property of the bankruptcy estate.[7] The purpose of the automatic stay is to provide the debtor with a "breathing spell" from creditors during which time the debtor can reorganize its financial affairs or repay outstanding debt.[8]

Although they are broad, the protections afforded by section 362 are not absolute. A myriad of exclusions to the automatic stay exist, including the exception under section 362(b)(22) for proceedings to recover possession of the premises under a residential real property lease:

> [t]he filing of a petition . . . does not operate as a stay . . . of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or

---

[6] *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 100 (3d Cir. 2008); 11 U.S.C. § 362(a).

[7] *Id.*

[8] *Id.* (quoting *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994)).

4

rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.[9]

Section 362(b)(22) authorizes a landlord to continue an eviction proceeding, unabated by the bankruptcy filing, when it possesses a prepetition judgment for possession of the debtor's residence and the debtor fails to provide the required certifications and rental payment due at the time the bankruptcy petition is filed.[10]

In this case, the applicability of section 362(b)(22) turns on whether the judgment of the magisterial district court constitutes a "judgment for possession." The Court previously addressed the issue in *Alberts* when it considered whether a prepetition judgment from a magisterial district court constitutes a "judgment for possession" while under appeal.[11] Judge Deller concluded that the judgment was not sufficiently final due to the fact that, on appeal, the judgment is subject to *de novo* review by a court of common pleas:

> Certain orders entered by some courts lose their requisite degree of firmness once an appeal is perfected and, as a result, the lower court order becomes nothing more than a nullity. One such narrow instance occurs when a judgment is subject to *de novo* review, which is nothing but a legal "Mulligan" or "do over" for the litigants in a different forum.[12]

---

[9] 11 U.S.C. § 362(b)(22).

[10] *See* 11 U.S.C. §362(l)(4). Section 362(l) is an "exception to the exception" which defers the application of section 362(b)(22) for at least 30 days if the debtor certifies that she has the right to cure the prepetition default under applicable nonbankruptcy law and tenders payment of any rent that accrues during that period. 11 U.S.C. §362(l)(1). If the debtor cures the prepetition default within the 30-day period, section 362(b)(22) may be rendered inapplicable and the landlord will be stayed from enforcing its rights under the prepetition judgment pending further order of the bankruptcy court. *See In re Carpenter*, 2015 WL 1956272, *1-2 (Bankr. D. Vt. Apr. 29, 2015). Since there is no dispute that Brown failed to timely cure the prepetition arrears, the Court need not address the impact of section 362(l).

[11] *Alberts*, 381 B.R. at 178.

[12] *Id. See also Indep. Tech. Servs. v. Campo's Express, Inc.*, 812 A.2d 1238, 1241 (Pa. Super. 2002) (The judgment of a magistrate district judge is nullified by perfection of a *de novo* appeal).

5

The need for a *de novo* review stems from Article I, Section 6 of the Pennsylvania Constitution which secures "the right of trial by jury before rights of person or property are *finally* determined."[13] While the Pennsylvania legislature may adopt procedures to promote the efficient administration of justice, such as allowing disputes to be adjudicated before a magisterial district court, the procedures may not unreasonably restrict a party's access to a jury trial whenever the right exists.[14] A *de novo* review preserves these constitutional protections which are unavailable at the magisterial district court by affording parties an opportunity to appeal the decision of a magisterial district judge on a clean slate before a final determination is made by the court of common pleas.[15] Within this context, a timely appeal deprives the decision of a magisterial district court of the finality necessary to constitute a "judgment for possession" for the purposes of section 362(b)(22).[16]

**B.**

Bedford Hill does not challenge the holding in *Alberts*. Instead, it argues that the case is distinguishable because, unlike the debtor in *Alberts*, Brown did not make the payments necessary to maintain the supersedeas. Once the supersedeas was terminated, Bedford Hill claims it possessed an unfettered right to enforce the judgment which renders it sufficiently "final" to qualify as a judgment for possession under section 362(b)(22). To determine whether

---

[13] *See Application of Smith*, 381 Pa. 223, 231, 112 A.2d 625, 630 (1955) (emphasis original); Article I, Section 6 of the Pennsylvania Constitution ("Trial by jury shall be as heretofore, and the right thereof remain inviolate."); *see also Smith v. Coyne*, 555 Pa. 21, 26, 722 A.2d 1022, 1024 (1999).

[14] *See Smith v. Coyne*, 722 A.2d at 1027 (Cappy, J., concurring); *Haines v. Levin*, 51 Pa. 412, 414 (1866) ("The commitment of initial jurisdiction in rent and possession disputes to the district justices has been upheld under Article I, Section 6 because it secures the right to a trial by jury prior to a final determination by providing for de novo appeal to the court of common pleas.").

[15] *See* Pa.R.C.P.M.D.J. 1007(A) (including a note which provides that on appeal, "all parties will be free to treat the case as though it had never been before the magisterial district judge, subject of course to the Rules of Civil Procedure.").

[16] *In re Alberts*, 381 B.R. at 179.

this contention has merit, the Court must consider whether the loss of a supersedeas nullifies or invalidates an existing appeal.

A supersedeas is "a prohibition against any further execution processes" on a judgment rendered by a magisterial district judge.[17] In a Pennsylvania landlord-tenant action involving a residential lease, a supersedeas maintains the status quo and prevents the landlord from obtaining an order for possession while an appeal of the magisterial district court's judgment is pending.[18]

A timely-filed notice of appeal automatically operates as a supersedeas, but the stay can be lost if not appropriately preserved. To maintain a supersedeas through the duration of an appeal, the tenant must remit payments to the prothonotary equivalent to "the lesser of three (3) months' rent or the rent actually in arrears" on the date the appeal was filed, plus all future rental payment obligations as they accrue.[19] If the appellant fails to make the required payments, the landlord can file a praecipe to terminate the supersedeas.[20] Once the supersedeas is terminated, the landlord is free to obtain an order for possession and proceed with its eviction.[21]

---

[17]  See Pa.R.C.P.M.D.J. 1001(4).

[18]  Pa.R.C.P.M.D.J. 1008(B). Without a supersedeas, a landlord may request an order of possession anywhere between 10 and 120 days after judgment is entered. See Pa.R.C.P.M.D.J. 515(B)(1).

[19]  Pa.R.C.P.M.D.J. 1008(B).

[20]  Id.

[21]  Pa.R.C.P.M.D.J. 515(B)(2). Upon issuance of the order for possession from the magisterial district court, the executing officer will be directed to deliver actual possession of the property to the landlord. Pa.R.C.P.M.D.J. 516(A). However, when a landlord's right to possession is premised solely on the tenant's failure to pay rent, Pa.R.C.P.M.D.J. 518 provides the tenant with an opportunity to satisfy the judgment by paying the rent actually in arrears plus the costs of the proceedings to the executing officer at any time before the order for possession is executed.

In the current case, Brown forfeited the right to maintain the status quo. She failed to cure the pre-judgment arrears and did not remit additional payments equivalent to her ongoing monthly rental obligations. With the supersedeas terminated, Bedford Hill obtained an order for possession, but it was unable to evict Brown from the premises prior to the commencement of this bankruptcy.

A tenant's failure to maintain a supersedeas is not fatal to her appeal. Under Pennsylvania law, a supersedeas, bond, or other security is not necessary to pursue an appeal.[22] While the absence of a supersedeas places the tenant at risk of being dispossessed, it does not impact the perfection or validity of the appeal itself.[23] The *Pennsylvania Rules of Civil Procedure for Magisterial District Judges* bear this out. Rule 1006 identifies the procedural defects which may cause the prothonotary to strike an appeal, but the failure to obtain or maintain a supersedeas is not one of them.[24] Rule 1008 further provides that an appeal from a judgment for possession operates as a supersedeas "only if" the required deposits are made with the Court.[25] By implication, the rule tacitly contemplates appeals for which deposits were not made and the supersedeas is unavailable. Similarly, if a tenant fails to make ongoing rental

---

[22] *See Smith v. Coyne*, 722 A.2d 1024 ("Rule 1008B does not require the payment of rent in arrears in order to take an appeal, but only in order for the appeal to operate as a supersedeas."); Pa.R.C.P.M.D.J. 1003.

[23] *See, e.g., Herrington v. Puette*, 1 Pa. D. & C.4th 550, 551 (Pa. Com. Pl. 1987) ("[T]he failure to file the appeal bond is not fatal to the actual appeal."); *Sweitzer v. Nonemaker*, 14 Pa. D. & C.3d 714, 715 (Pa. Com. Pl. 1980) (finding that because no supersedeas was in place while the appeal was pending, the landlord was entitled to a writ of possession). As Bedford Hill noted in its supplemental brief [Dkt. No. 49], an "order for possession" is effectively congruent with a "writ of possession." The difference lies in the fact that an "order for possession" is issued by a magisterial district judge pursuant to Pa.R.C.P.M.D.J. 516(a), while a "writ of possession" is issued by the prothonotary of a court of common pleas pursuant to Pa.R.C.P. 3160 and 3161.1.

[24] *See* Pa.R.C.P.M.D.J. 1006.

[25] Pa.R.C.P.M.D.J. 1008(B).

payments during the pendency of an appeal, Rule 1008 directs the prothonotary to terminate the supersedeas, but nothing mandates the termination of the appeal once the supersedeas is lost.[26]

This issue likely arises infrequently because, for most tenants, maintaining possession of the residence is their primary concern. Once an eviction occurs, tenants have little incentive to continue their legal battle on appeal. The investment of time and effort to obtain a new residence and re-locate family and personal effects creates a "point of no return" for which few will want to reverse course.[27] Nevertheless, any execution obtained during a pending appeal remains subject to the final determination of the court of common pleas.[28] Accordingly, a tenant who obtains a favorable outcome on appeal may be restored to possession and receive damages related to the removal.[29]

Because the loss of a supersedeas has no impact on the validity of the underlying appeal, the Court finds that the mere ability to execute on a judgment, without more, does not clothe a previously-appealed judgment of a magisterial district court with the level of finality needed to satisfy section 362(b)(22). Indeed, the nature of the judgment itself is unaltered. Bedford Hill may have taken a step closer to eviction when it obtained an order for possession, but the judgment remains subject to *de novo* review on appeal and was unexecuted at the time the bankruptcy case was filed. Since the nature of Bedford Hill's judgment is fundamentally the

---

[26] *See* Pa.R.C.P.M.D.J. 1008(A)-(B); *see also, e.g.,* Pa.R.C.P.M.D.J. 1008(C)(7)-(8) (discussing termination of the supersedeas as it relates to indigent tenants).

[27] It is also likely that a tenant who is unable to maintain a supersedeas by curing a rent arrearage cannot successfully establish a basis to vacate the decision of a magisterial district judge.

[28] *See Smith v. Coyne*, 722 A.2d at 1027 (Cappy, J., concurring) ("The execution of a judgment of possession while an appeal is pending does not finally determine the issue of the tenant's right to possession before it can be tried to a jury.").

[29] *Haines v. Levin*, 51 Pa. at 415; *see also, e.g., Koontz v. Hammond*, 62 Pa. 177, 182 (1869) (If a jury finds in favor of a tenant in the appeal of a landlord/tenant action, the tenant is entitled to damages sustained due to his removal from the leased premises.).

same as the one previously examined by Judge Deller, the Court finds that, supersedeas or not, the rationale of *Alberts* still applies. For these reasons, the Court concludes that the judgment of the magisterial district judge does not qualify as a "judgment for possession" under section 362(b)(22).[30]

Bedford Hill argues that the Court's finding weakens the effect of any judgment for possession issued by a magisterial district judge. It places significant reliance on the case of *Johnson v. Martofel*, 797 A.2d 943 (Pa. Super. 2002) for the proposition that in the absence of a supersedeas, the judgment of a district justice[31] constitutes a "valid judgment of possession of record" notwithstanding the existence of a pending appeal. This misinterprets the holding. In *Johnson*, the judgment of the district justice was vindicated on appeal. While the court of common pleas initially stayed Johnson's eviction (pending a ruling on her exceptions to a tax sale), it subsequently imposed a deadline for her to vacate the property and denied her request for a further stay. Consequently, the Superior Court was not addressing issues of finality nor did it suggest that the loss of a supersedeas altered the nature of the district justice's determination.[32]

---

[30] In reaching this conclusion, the Court is mindful that exceptions to the automatic stay should be narrowly construed. *See In re Lori*, 241 B.R. 353, 354 (Bankr. M.D. Pa. 1999) ("Exceptions to the automatic stay are generally construed narrowly."); *see also In re The Fairfield Corp.*, 2009 WL 4546581, *4 (Bankr. D. Del. Dec. 1, 2009) ("[T]he structure of the automatic stay provisions generally supports a narrow interpretation of all exceptions to the automatic stay."). Because the scope of the automatic stay is broad, the exceptions provided for in section 362(b) are limited to further the purposes of the stay. *In re Glabb*, 261 B.R. 170, 174 (Bankr. W.D. Pa. 2001). Section 362(b)(22) is just one example of an exclusion which must be reviewed in this manner.

[31] Pursuant to Act 207 of 2004, the title of "district justice" was changed to "magisterial district judge." 35 Pa. Bull. 518 (Jan 21, 2005). By Order of the Pennsylvania Supreme Court dated January 6, 2005, any reference to the term "district justice" in an order or other legal authority is deemed to refer to a "magisterial district judge." *Id.*

[32] The impact of the court of common pleas ruling is evident from a review of the pertinent facts. Johnson's property was sold in a tax sale and Martofel, the purchaser, obtained a judgment for possession from a district justice on August 18, 1999. Johnson appealed the decision and initially perfected a superseadas, but it was terminated on February 24, 2000 for lack of payment. After Johnson filed exceptions to the tax sale, the court of common pleas issued an order staying her eviction on March 9, 2000. On April 12, 2000, she entered into an agreement on the record to withdraw her exceptions in exchange for a 90-day period to purchase the property. Failing that, Johnson agreed to vacate the property and execute a quit claim deed in

By comparison, Bedford Hill did not obtain a ruling from the court of common pleas at the time the bankruptcy was filed.

While Brown undoubtedly pursued bankruptcy relief to stave off eviction, thereby using the automatic stay to replace the lost supersedeas,[33] her ability to remain in possession will be dictated by her performance in the case. To the extent Brown fails to provide adequate protection or is unable to assume the lease in a confirmed plan, Bedford Hill may pursue remedies to protect its interests.[34] These remedies exist to prevent debtors from manipulating the bankruptcy system at the expense of creditors or other parties in interest.

Brown currently proposed a chapter 13 plan that requires monthly payments of $70 to Bedford Hill over the course of 36 months, with the prepetition arrearage of $488 cured through the plan.[35] While Bedford Hill filed an objection to the plan, it has yet to request relief premised upon any postpetition conduct or deficiency which would justify relief from the automatic stay. Until the Court makes a finding that Bedford Hill is not adequately protected or

---

favor of Martofel. When nothing transpired at the conclusion of the 90 days, the court of common pleas issued an order on December 22, 2000 giving Johnson until January 31, 2001 to complete the purchase or vacate the premises. Johnson filed a motion to extend the deadline, but it was denied. Martofel subsequently obtained a writ of possession from the prothonotary and an eviction was scheduled for May 7, 2001. Despite a last minute request from Johnson to stay or set aside the writ, the court did not issue a stay and the sheriff executed on the writ. The request to stay or set aside was denied as moot on May 9, 2001. *Johnson*, 797 A.2d 944-46.

Johnson commenced an appeal to challenge her eviction on the basis that a writ of possession was improperly issued in the absence of a judgment for possession. On appeal, the Superior Court affirmed the validity of the writ, finding that a judgment for possession was issued by a district justice and Johnson had failed to comply with both the April 12 agreement and December 22 order which imposed deadlines for her to vacate the property. *Id.* at 948.

[33] Pa. R.C.P.M.D.J. 515(B)(2) contemplates two scenarios that would prevent a landlord from seeking enforcement of a judgment from a magisterial district court: (1) maintenance of a supersedeas, or (2) a stay imposed under the Bankruptcy Code.

[34] *See In re Alberts*, 381 B.R. at 180 (Redress available to creditors whose interests are not adequately protected include a request for adequate protection, a request for relief from the automatic stay, a request to compel the immediate assumption or reject of the lease, or a request to dismiss the case for cause shown.).

[35] The Debtor's proposed plan [Dkt. No. 14] has not yet been confirmed. Bedford Hill objects to confirmation of the proposed plan [Dkt. Nos. 29, 72].

11

entitled to relief on some other basis, Brown shall be afforded the opportunity to reorganize her financial affairs through this chapter 13 proceeding.

### III.

Based upon the foregoing, the Court will enter a separate Order denying the motion for relief from stay on the grounds that section 362(b)(22) does not apply to the judgment of a magisterial district court on appeal to the court of common pleas, notwithstanding the termination of a supersedeas. The Court's findings are without prejudice to any request for stay relief premised on other grounds.

Dated: February 1, 2016

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE